IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JUSTIN NASH,** | |
| Plaintiff, | |
| v. | CA No. |
| **ZACHRY INDUSTRIAL INC.,** | |
| | **JURY DEMANDED** |
| Defendant | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### 1.  PRELIMINARY STATEMENT

1.1.   Plaintiff demands a jury for any and all issues triable to a jury.  This action seeks declaratory, injunctive, and equitable relief; compensatory, liquidated and actual damages; and costs and attorney's fees for the discrimination and retaliation suffered by Plaintiff, JUSTIN NASH**,** due to ZACHRY INDUSTRIAL INC. (hereinafter "Defendant" or "ZACHRY") taking adverse employment actions against him.

1.2   Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory, actual, liquidated and punitive damages; and costs and attorney's fees for the Family Medical Leave retaliation suffered by Plaintiff due to Defendant's actions.

1.3   This action arises under the Family Medical Leave Act; state pendant claims arise under Chapter 21 of the Texas Labor Code.

### 2.  JURISDICTION

2.1.   Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(4), and the Family Medical Leave Act, and 28 U.S.C. § 1331.

2.2.   Jurisdiction is appropriate under the Family Medical Leave Act.

2.3.   Declaratory and injunctive relief is sought pursuant to 28 U.S.C. § 2201 and 2202 and the Family Medical Leave Act.

2.4.    Actual damages are sought pursuant to the Family Medical Leave and Chapter 21 of the Texas Labor Code.

2.5.    Liquidated and injunctive relief is sought pursuant to the Family Medical Leave Act.

2.6.    Costs and attorney's fees may be awarded pursuant to 42 U.S.C. § 12205 and Rule 54, FRCP, Family Medical Leave Act and Chapter 21 of the Texas Labor Code.

2.7.    Compensatory damages may be awarded pursuant to 42 U.S.C. § 198la(a)(1) and the Family Medical Leave Act and Chapter 21 of the Texas Labor Code.

2.8.    Punitive damages may be awarded pursuant to the Family Medical Leave Act and Chapter 21 of the Texas Labor Code.

## 3.  VENUE

3.1.    Venue of this action is proper in this court, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and Plaintiff, at all times while an employee of Defendant resided in this judicial district.

## 4.  PARTIES

4.1.    Plaintiff is a former employee of Defendant and resides in Brazoria, Brazoria County, Texas.

4.2.    Defendant Zachry Industrial, Inc. is an employer qualified to do business in Texas and employs more than 50 regular employees. Defendant offered and approved Plaintiff's Family Medical Leave under the Family Medical Leave Act and is subject to the statutory provisions of the act, including liability and damages for retaliatory activity stemming from Plaintiff's protected use of the Act.   Defendant can be served by serving its registered agent CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### 5.  STATEMENT OF THE CLAIMS

5.1.    Background

5.2.    Plaintiff began working for Defendant Zachry more than 10 years ago. Plaintiff was in Safety and Training and was very good at his job.

5.3.    In October 2018, Plaintiff began to experience medical issues where he couldn't catch his breath and his heart would race. Plaintiff was forced to go out on FMLA for a period of time for further medical evaluation.

5.4.    Plaintiff returned back to work from his protected leave in January 2019.

5.5.    Plaintiff informed his site manager, his direct boss and his boss that he was diagnosed with Anxiety Disorder and was on medication for that. Plaintiff informed these three people that his doctor requested accommodations while Plaintiff overcame these issues.

5.6.    Plaintiff informed his boss that he was having panic attacks while climbing the stairs or ladder cages. Plaintiff spoke to his supervisor and the supervisor told Plaintiff that was okay.

5.7.    A week later, Plaintiff spoke with his supervisor and another supervisor and they allowed Plaintiff to avoid the tasks that triggered his Anxiety Disorder.

5.8.    Defendant then called Plaintiff into the office and told him to go home and not return back to work until he had a doctor's note stating he could perform all his duties.

5.9.    Plaintiff learned there are others in the facility who cannot climb and Defendant allows them to work without performing that task.

5.10.   Prior to being out on FMLA, Plaintiff had moved out of the safety department into the training department. Plaintiff was performing training duties when he went out on FMLA.

5.11.   After Plaintiff returned from FMLA, Defendant moved Plaintiff to the safety department and informed Plaintiff they already hired another employee to take his training position. Plaintiff's training duties were altogether different. Plaintiff was able to perform all of his training duties.

5.12.   <u>Family Medical Leave Act Retaliation -</u> Based on the above facts, Defendant violated the Family Medical Leave Act and retaliated against Plaintiff for engaging in a protected activity. The above-described actions of Defendant were so outrageous in character and so extreme in degree that they exceeded all possible bounds of decency and can only be regarded as atrocious and utterly intolerable in a civilized community.

5.13.   As a direct and proximate result of the aforementioned arbitrary and capricious acts, the Plaintiff has suffered grievous harm, including but not limited to, humiliation and embarrassment among co-workers, customers and others sustained damage to Plaintiff's credibility and sustained damage to Plaintiff's prospects for future employment.

5.14.   Defendant has discriminated and retaliated against Plaintiff in violation of the Texas Commission on Human Rights Act, as amended because of Plaintiff's disability, report of disability or perceived disability and for engaging in protected activity by requesting accommodations.

## 6.  **PRAYER**

6.1.   WHEREFORE, Plaintiff prays the Court order to award such relief including the following:

6.1.1.   Declare Defendant's conduct in violation of Plaintiff's rights;

6.1.2.   Enjoin the Defendant from engaging in such conduct;

6.1.3.   Award Plaintiff actual damages;

6.1.4.   Order Defendant to pay Plaintiff back pay and front pay and benefits;

6.1.5.   Award Plaintiff compensatory damages for mental anguish;

Plaintiff's Original Complaint

6.1.6.  Award Plaintiff punitive damages to be determined by the trier of fact;

6.1.7.  Grant Plaintiff pre-judgment and post-judgment interest;

6.1.8.  Order Defendants to pay Plaintiff's costs and attorney's fees in this action; and,

6.1.9.  Order and grant such other relief as is proper and just.


                                        Respectfully Submitted,


                                        /s/ *Ellen Sprovach*
                                        Ellen Sprovach
                                        USDC SD/TX No. 22202
                                        Texas State Bar ID 24000672
                                        ROSENBERG | SPROVACH
                                        3518 Travis Street, Suite 200
                                        Houston, Texas 77002
                                        (713) 960-8300
                                        (713) 621-6670 (Facsimile)
                                        ellen@rosenberglaw.com
                                        Attorney-in-Charge for Plaintiff

OF COUNSEL:
ROSENBERG | SPROVACH


                                        ATTORNEYS FOR PLAINTIFF